## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**FREDERICK E. WILLIAMS**                                        **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 3:10cv659-TSL-FKB**

**BLUE BIRD SAWMILL, INC.**                                  **DEFENDANT**

### ANSWER

COMES NOW Defendant, Blue Bird Sawmill, Inc., by their attorney, and files its Answer to the Complaint filed against it by Plaintiff, Frederick E. Williams, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant answers the allegations of the Complaint, paragraph by paragraph, as follows:

1.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies all of same.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits that the United States District Court for the Southern District of Mississippi has personal jurisdiction over the parties.  Defendant denies that the Hinds County Circuit Court, the forum in which this case was originally filed, has personal jurisdiction over Defendant and further denies that said Court is the proper venue for this suit.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies all of same.

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.     Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.     Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.    Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant alleges that a reduction in hours was mandated because its contract to make dragline mats was finished on January 13, 2008. Defendant further alleges that as a result of the completion of said contract, Defendant's workforce requirements were reduced. As such, Defendant advised its employees that a temporary reduction in hours worked would be required. Plaintiff indicated that he did not intend to accept the reduction in hours and he did not appear for work at any time during the week of January 20, 2008 or thereafter. Defendant denies all other allegations contained in Paragraph 12 of the Complaint not herein specifically admitted.

13.    Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.    In response to Paragraph 14 of the Complaint, Defendant incorporates herein by this reference all the admissions, denials, and affirmative matters plead herein in response to Paragraphs 1 through 13 of the Complaint.

15.    To the extent that Paragraph 15 of the Complaint contains properly pleaded allegations of fact to which a response is required, all of same are hereby denied.

16.    To the extent that Paragraph 16 of the Complaint contains properly pleaded allegations of fact to which a response is required, all of same are hereby denied.

17.    In response to Paragraph 17 of the Complaint, Defendant incorporates herein by this reference all the admissions, denials, and affirmative matters plead herein in response to Paragraphs 1 through 16 of the Complaint.

18.     To the extent that Paragraph 18 of the Complaint contains properly pleaded allegations of fact to which a response is required, all of same are hereby denied.

19.     Defendant denies all of the allegations contained in the section of the Complaint entitled "Prayer for Relief" and in subparts (a) through (e) thereof, and further denies that Plaintiff is entitled to any of the relief therein requested.

### THIRD DEFENSE

Defendant denies all allegations of the Complaint not herein specifically admitted.

### FOURTH DEFENSE

The Complaint should be dismissed because Plaintiff's own conduct proximately caused his alleged injuries.

### FIFTH DEFENSE

The Complaint should be dismissed because the damages allegedly suffered by Plaintiff are too remote to form the basis of any recovery against Defendant.

### SIXTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of unclean hands and laches.

### SEVENTH DEFENSE

The Complaint is barred, in whole or in part, by estoppel and/or waiver.

### EIGHTH DEFENSE

The Complaint is barred, in whole or in part, because at all relevant times Defendant acted reasonably and in good faith towards Plaintiff.  No acts attributable to Defendant were taken with malice or willfulness.

### NINTH DEFENSE

Any claim for discrimination, hostile work environment or retaliation is barred or recovery

of damages is precluded because Defendant exercised reasonable care to promptly prevent and correct any alleged unlawful conduct.

## TENTH DEFENSE

Defendant has not engaged in unlawful, intentional discrimination or retaliation with respect to Plaintiff; Defendant has not engaged in any discriminatory or retaliatory practices with malice or with reckless indifference to Plaintiff's legally protected rights; Defendant, therefore, cannot be liable for punitive damages.

## ELEVENTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff has failed to timely exhaust all applicable administrative remedies and/or to timely satisfy all statutory and jurisdictional prerequisites to filing suit under Title VII.

## TWELFTH DEFENSE

The Complaint is barred, in whole or in part, because all actions taken with respect to Plaintiff's employment, if any, were made for legitimate, non-discriminatory, non-retaliatory reasons, and not because of Plaintiff's race or any other protected reason.

## THIRTEENTH DEFENSE

The Complaint is barred, in whole or in part, because even if any adverse employment decisions made by Defendant with respect to Plaintiff were motivated in part by Plaintiff's race or alleged protected activity, which Defendant denies, Defendant would have made the same decision with respect to Plaintiff regardless of these factors.

## FOURTEENTH DEFENSE

Any claim for discrimination, hostile work environment, or retaliation is barred, or recovery for damages is precluded, because Plaintiff unreasonably failed to take advantage of Defendant's

preventative or corrective mechanisms, or otherwise failed to avoid the alleged harm.

## FIFTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of amounts allowed by law.

## SIXTEENTH DEFENSE

Defendant pleads all applicable statutes of limitation in bar of Plaintiff's claims.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages violates the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution because imposition of such damages denies Defendant equal protection and due process of law and on the following additional grounds:

a)      assessment of punitive damages is not reasonably related to any legitimate government purpose or interest.

b)      the standard for award of punitive damages is vague and indefinite and does not give Defendants fair notice of the kind of conduct that would subject it to punishment by way of punitive damages.

c)      the jury is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness or a proper amount of punitive damages.

d)      the jury is not provided with standards for the limitation of punitive damages that are required to fairly accomplish punishment or deterrence.

e)      the award of punitive damages is not subject to an objective or uniform standard of judicial review.

f)      imposition of punitive damages constitutes ex post facto punishment as well as an excessive fine.

## EIGHTEENTH DEFENSE

Defendant pleads in defense of Plaintiff's claims the failure of Plaintiff to mitigate his damages or alternatively, Defendant alleges that Plaintiff has been employed elsewhere thereby mitigating all of his alleged losses.

## NINETEENTH DEFENSE

Defendant pleads the failure of Plaintiff to specifically plead special damages claimed as required by FRCP 9(g) and hereby pleads all applicable defenses arising under FRCP 12.

## TWENTIETH DEFENSE

If it is determined that Plaintiff's employment was terminated, which is denied, Plaintiff was an "at will" employee, subject to termination at any time for any reason and without cause.

## TWENTY-FIRST DEFENSE

Plaintiff has not alleged any conduct by the Defendant that is sufficiently severe or pervasive to create an objectively hostile or abusive work environment or that a reasonable juror would conclude affected a term, condition or privilege or Plaintiff's employment.

## TWENTY-SECOND DEFENSE

Plaintiff has failed to allege that he engaged in a protected activity or any facts from which a reasonable juror could conclude that any adverse employment action was in retaliation for the exercise of any protected activity.

## TWENTY-THIRD DEFENSE

If it is determined that the employment of Plaintiff was terminated, which Defendant denies, the employment was terminated for legitimate, non-discriminatory reasons.

## TWENTY-FOURTH DEFENSE

Plaintiff has failed to allege any facts which, if proven, would constitute adverse employment

action which is actionable under applicable federal discrimination laws.

TWENTY-FIFTH DEFENSE

Defendant reserves the right to add additional defenses or counterclaims which may become known during discovery or trial.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that Judgment be entered in Defendant's favor and all claims asserted in this action be dismissed with prejudice.

Respectfully submitted,

BLUE BIRD SAWMILL

BY: /s/ Allison M. Brewer
Allison M. Brewer
Bar No. 101434
Attorney for Defendant

WHEELESS, SHAPPLEY, BAILESS
  & RECTOR, LLP
POST OFFICE BOX 991
VICKSBURG, MS 39181
TELEPHONE 601-636-8451
FACSIMILE: 601-636-8481

**CERTIFICATE**

I hereby certify that on November 15, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following: Louis H. Watson, Jr., Esq. and Nick Norris, Esq., Louis H. Watson, Jr., P.A., 628 N. State Street, Jackson, Mississippi, 39202.

/s/ Allison M. Brewer